IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LUCAS STERLING AND LESLIE STERLING, | CV 25-179-M-KLD |
| Plaintiffs, | |
| vs. | ORDER |
| THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

Plaintiffs Lucas and Leslie Sterling, who are proceeding pro se, bring this action against the Defendant United States Environmental Protection Agency ("EPA") alleging personal injury and property damages arising from contamination at a former Superfund site (Doc. 1). This matter comes before the Court on two motions: (1) the EPA's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 5); and (2) the Plaintiffs' motion for an emergency housing safety order and temporary relocation (Doc. 11).

I.     **Background**

Plaintiffs allege that the EPA conducted cleanup activities at a former Superfund site called "Beaverwood Products in Columbia Falls, MT that was 1

parcel at 40 acres." (Doc. 1 at ¶ 6). Plaintiffs assert that the EPA conducted cleanup activities at the site from approximately 2000 through 2007 and placed land use restrictions on the property "stating it was not intended for residential" use. (Doc. 1 at ¶¶ 1, 6). Plaintiffs claim they purchased the property "in 2008 with no disclosure about it being a previous Superfund Site." (Doc. 1 at ¶ 6). Plaintiffs allege "they were not informed there were toxic chemicals on the property that were 2 ½ times over the safety requirement for residential until 4-4-2024, which accumulates to 16 years of exposure" during their ownership of the property. (Doc. 4 at ¶ 1). Plaintiffs assert they have suffered serious health problems as a result of prolonged exposure to the toxins on their property and have lost their business "due to the negligence" of the EPA. (Doc. 1 at ¶ 7).

Plaintiffs filed a prior state court action arising out of the same set of facts in February 2025. The United States removed the action to this Court and moved to dismiss for lack of subject matter jurisdiction on the ground that Plaintiffs had failed to exhaust their administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§ 1346(b), 2671 et seq. *Sterling v. United States Environmental Protection Agency*, CV-25-34-M-KLD, Docs. 1 and 10. The Court granted the motion and dismissed Plaintiffs' claims without prejudice to the refiling of a new action under the FTCA following administrative exhaustion. *Sterling*, CV-25-34-M-KLD, Doc. 16. After the case was dismissed, an EPA

claims officer reviewed Plaintiffs' claim under the FTCA and issued a denial letter on October 16, 2025, finding no negligent or wrongful acts or omissions by the EPA or its employees while acting within the scope of their employment. (Doc. 1-1, at 9).

Plaintiffs filed this action approximately two weeks later, on October 29, 2025. (Doc. 1). Plaintiffs invoke the Court's federal question jurisdiction and state they are proceeding under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. (Doc. 1 at 1, 2 ¶ 4). Plaintiffs also cite the Montana Tort Claims Act ("MTCA"), Mont. Code Ann. § 2-9-101, et seq. as a basis for jurisdiction. (Doc. 1 at 2 ¶ 4). The Complaint alleges a single cause of action for negligence.[1] (Doc. 1 at 5). Plaintiffs assert that EPA owed them a duty of care, including the duty to monitor pollution levels and ensure compliance with environmental laws. (Doc. 1 at ¶ 9). Plaintiffs allege that EPA breached its duty of care by not notifying them "immediately when they found out that there was a disturbance at the Beaverwood Superfund site, and that a house had been placed there." (Doc. 1 at ¶ 10). Plaintiffs assert that EPA was "aware of this in 2008 yet made no attempt to let [Plaintiffs] know about anything

---

[1] Although Plaintiffs refer generally to CERCLA in the opening sentence of the Complaint, they do not provide anything more than a general cite to the statute as a whole and do not plead any claims under CERCLA.

until they showed up at the residence in 2016." (Doc. 1 at ¶ 10). Even then, Plaintiffs allege, EPA still did not notify them "of any issues [and] just requested to do some sampling and assured [Plaintiffs] everything was fine even though they knew it was not." (Doc. 1 at ¶ 10). Plaintiffs further allege that EPA failed to disclose that "there were potential threats to [Plaintiffs'] health and safety until 2024 after 16 years of exposure that could have been prevented." (Doc. 1 at ¶ 10). Plaintiffs request $36,740,000 in damages "to cover the loss of their property at market value as well as to cover the loss in their business and to cover the health implications for themselves and their children and possible grandchildren due to negligence and the exposure that was caused by the [EPA]." (Doc. 1 at ¶ 1).

EPA moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 5). In January 2026, Plaintiffs filed a motion for an emergency housing safety order and temporary relocation (Doc. 11). The motions are fully briefed and ripe for ruling.

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

4

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

When resolving a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. Where the moving party has "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage*, 343 F.3d at 1039 n. 2). In looking to matters outside the pleadings, the court must "resolve all disputes of fact in favor of the non-movant...similar to the summary judgment standard." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). As with a motion for summary judgment, the party

moving to dismiss for lack of subject matter jurisdiction "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## III.   Analysis

EPA moves to dismiss for lack of subject matter jurisdiction on three independent grounds: (1) the Complaint does not state a valid federal cause of action and fails to specify an applicable waiver of sovereign immunity; (2) even if properly pled, Plaintiffs' claims sound in intentional tort and are thus barred under the FTCA; and (3) even if Plaintiffs alleged negligence, their claims would be barred by the discretionary function exception to the FTCA. (Doc. 6 at 1-2). The

6

Court addresses each argument in turn.

### A.    Waiver of Sovereign Immunity

It is well settled that the United States and its agencies cannot be sued in federal court unless Congress has expressly waived sovereign immunity. *FDIC. v. Meyer*, 510 U.S. 471, 475 (1994); *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003). The FTCA waives the United States' sovereign immunity for certain tort claims, including "claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA vests the federal district courts with exclusive jurisdiction over all such claims and provides the exclusive remedy for tort claims against federal agencies and their employees. 28 U.S.C. § 1346(b)(1); *see FDIC*, 510 U.S. at 475-76 (1994); *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). The party asserting a claim against the federal government or its agencies has the burden of "demonstrating an unequivocal waiver of immunity." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 768 F.2d 1445, 1446 (9th Cir. 1986). Absent a clear waiver of sovereign immunity, a federal court is without subject matter jurisdiction and dismissal is required. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th

Cir. 1982).

To the extent Plaintiffs cite the MTCA as a basis for jurisdiction (Doc. 1 at ¶ 4), EPA argues that state law cannot waive the federal government's sovereign immunity. (Doc. 6 at 7). EPA is correct. The FTCA provides the exclusive remedy for a claim against the EPA for money damages for personal injury or loss of property caused by a negligent act of the EPA or EPA employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Because the FTCA provides the exclusive remedy for such claims, the MTCA does not apply. Plaintiffs cannot demonstrate an unequivocal waiver of immunity permitting EPA to be sued under the MTCA.

Given that Plaintiffs are proceeding pro se, the Court liberally construes the Complaint as relying on the FTCA for jurisdiction. Even under this liberal construction, EPA argues that Plaintiffs' claims sound in intentional tort and are therefore expressly barred by the FTCA. (Doc. 6 at 9). The FTCA's general waiver of sovereign immunity does not apply to certain intentional torts, including claims "arising out of … misrepresentation [or] deceit." 28 U.S.C. § 2680(h). Section 2680(h) applies to claims arising out of negligent, as well as intentional, misrepresentation. *Block v. Neal*, 460 U.S. 289, 295-96 (1983) (citing *United States v. Neustadt*, 366 U.S. 696, 703-06 (1961)); *see also Synder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1160 (9th Cir. 2017). "[T]he

essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Block*, 460 U.S. at 296. "The misrepresentation exception applies to affirmative misstatements as well as omissions." *Feindt v. United States,* 2024 WL 126882, at \*3 (D. Haw. Jan. 11, 2024) (citing *Green v. United States*, 629 F.2d 581, 584-85 (9th Cir. 1980)); *see also M.J. v. United States*, 759 F.Supp.3d 1034, 1056 (S.D. Cal. 2024).

To determine whether a claim falls within the intentional torts exception to the FTCA, courts "look beyond a plaintiff's classification of the cause of action to examine whether conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." *Kranksy v. United States*, 2024 WL 1435002, at \*8 (D. Mont. Apr. 3, 2024) (quoting *Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996)); *see also Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990) ("[W]e look beyond [the complaint's] characterization [of the claim] to the conduct on which the claim is based"); *Thomas-Lazear v. Federal Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988) (The Ninth Circuit "looks beyond the labels used to determine whether a proposed claim is barred [by the intentional torts exception]."). "If the gravamen of [the] complaint is a claim for an excluded tort under § 2680(h), then the claim is barred." *Snow-Erlin v. U.S.*, 470 F.3d 804, 808 (9th Cir. 2006).

Although Plaintiffs label their one cause of action as a "negligence" claim,

9

the gravamen of their Complaint sounds in misrepresentation or deceit. Plaintiffs allege that EPA was aware of contamination on their property but "made no attempt to let [them] know about anything" until 2016, at which time EPA "just requested to do some sampling and assured [Plaintiffs] that everything was fine even though they knew it was not." (Doc. 1 at 6). Although framed in terms of negligence, the core of Plaintiffs' claims is that EPA officials made intentionally false statements to Plaintiffs, or purposefully withheld information, regarding the condition of Plaintiffs' property, and Plaintiffs relied on those false statements to their detriment. Taking these allegations as true, Plaintiffs claims fall squarely within the FTCA's misrepresentation exception and are thus barred by sovereign immunity. Even setting aside Plaintiffs' allegations of intentional conduct, any claims arising out of alleged negligent misrepresentations are similarly barred. *See Block*, 460 U.S. at 297 ("Section 2680(h)…relieves the Government of tort liability for pecuniary injuries which are wholly attributable to reliance on the Government's negligent misstatements); *Low v. F.D.I.C.*, 1996 WL 660613, at \*4 (N.D. Cal. Nov. 7, 1996) ("Regardless of what plaintiffs call their claim for failure to disclose that their house was built on filled land, § 2680(h) precludes liability on the part of the federal government, and hence [the agency], for intentional or negligent failure to disclose."). Because Plaintiffs' claims fall within the intentional torts exception to the FTCA's waiver of sovereign immunity, this

10

action is subject to dismissal for lack of subject matter jurisdiction. In light of this determination, the Court need not reach EPA's final argument that subject matter jurisdiction is also lacking based on the discretionary function exception to the FTCA's waiver of sovereign immunity.

### B.    Discretionary Function

Even if Plaintiffs did allege negligence, EPA argues their claims would be barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. Under the discretionary function exception, the United States preserves its sovereign immunity from suit as to

> [a]ny claim based upon an act or omission of an employee of the Government…based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Application of the discretionary function exception is governed by a two-step test. *Esquivel v. United States*, 21 F.4th 565, 573 (9th Cir. 2021). First, the court must determine whether the challenged conduct "involves an element of judgment or choice." *Esquivel*, 21 F.4th at 573. This inquiry considers "the 'nature of the conduct, rather than the status of the actor' and the discretionary element is not met where 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" *Esquivel*, 21 F.4th at 573 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). "If there is such a

statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee 'has no rightful option but to adhere to the directive.'" *Esquivel*, 21 F.4th at 573 (quoting *Berkovitz*, 486 U.S. at 536).

If the challenged action is discretionary, the second step requires the court to determine "whether that judgment is of the kind that the discretionary function was designed to shield.'" *Esquivel*, 21 F.4th at 574 (quoting *Berkovitz*, 486 U.S. at 536.). The exception is designed to protect "government actions and decisions based on 'social, economic, and political policy.'" *Esquivel*, 21 F.4th at 574 (quoting *Berkovitz*, 486 U.S. at 537). "Where the government agent is exercising discretion, 'it must be presumed that the agent's acts are grounded in policy when exercising that discretion.'" *Esquivel*, 21 F.4th at 574 (quoting *United States v. Gaubert*, 49 U.S. 315, 324 (1991))

Where the challenged action satisfies both steps of this test, "that action is immune from suit—and federal courts lack subject matter jurisdiction—even if the court thinks the government abused its discretion or made the wrong choice." *Esquivel*, 21 F.4th at 574 (quoting *Green v. United States*, 630 F.3d 1245, 1249-50 (9th Cir. 2011)). Although the government bears the ultimate "burden of proving that the discretionary function exception applies, a plaintiff must nonetheless allege a claim 'that is facially outside the discretionary function exception in order to

12

survive a motion to dismiss.'" *Bryant v. United States*, 2024 WL 4002613, at *4 (C.D. Cal. July 12, 2024) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009)). "[N]egligence is … irrelevant to the discretionary function inquiry." *Esquivel,* 21 F.4th at 574 (quoting *Kennewick Irrigation District v. United States*, 880 F.2d 1018, 1019 (9th Cir. 1989)).

Here, the challenged conduct satisfies both steps of the discretionary function test. First, as to the nature of the challenged conduct, Plaintiffs allege that EPA conducted cleanup activities at the Beaver Wood Products site from approximately 2000 through 2007, and they purchased the property "in 2008 with no disclosure about it being a previous Superfund Site." (Doc. 1 at ¶ 6). Effectively, Plaintiffs are asserting that EPA officials had a duty to notify Plaintiffs of contamination on the property before they purchased it. (Doc. 1 at 5-6). Plaintiffs refer generally to CERCLA, 42 U.S.C. § 9601 et seq., but do not cite to any specific and mandatory provision of CERCLA that requires EPA to notify prospective landowners of existing or potential contamination. To the contrary, EPA regulations state that actions implementing CERCLA "are discretionary governmental functions." 40 C.F.R. § 300.400(i)(3).[2] Because decisions by EPA

---

[2] EPA notes that although CERCLA does include a landowner notification standard, that standard addresses current landowners or tenants—not prospective ones. 42 U.S.C. § 9604(e)(4)(B). This statute provides, in relevant part, that if an officer, employee, or representative of EPA obtains any samples from the premises "[a] copy of the results of any analysis made of such samples shall be furnished

13

on whether and when to notify prospective landowners of potential or existing contamination are discretionary, the first step of the discretionary function test is satisfied.

As to the second step, EPA decisions on whether and when to notify prospective landowners of potential and existing contamination are grounded in social, economic, and political policy. The EPA has broad discretion in implementing CERCLA. Section § 9604(a)(1) provides that when "any hazardous substance is released or there is a substantial threat of such a release into the environment" or "there is a release or substantial threat of a release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare," EPA "is authorized to … remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance … at any time … or take any other response measure … which the [EPA] deems necessary to protect health or welfare or the environment." 42 U.S.C. § 9604(a)(1).

---

promptly to the owners, operator, tenant, or other person in charge if such person can be located." To the extent Plaintiffs assert that the EPA concealed or failed to provide the results of sampling conducted after they purchased the property, the claim is barred the FTCA's misrepresentation exception.

As addressed above, there are no specific and mandatory directives requiring EPA to disclose existing or potential contamination to prospective landowners. Because EPA has discretion in implementing CERCLA, including in determining whether and when to notify prospective landowners of potential or existing contamination, there is a presumption that EPA's acts are grounded in public policy. *Welsh v. U.S. Army*, 2009 WL 250275, at *1 (N.D. Cal. 2009) (citing *Gaubert*, 499 U.S. at 324)). That presumption is supported by the statutory directive to consider, among other things, "the public health or welfare or the environment" in the exercise of EPA's discretion. 42 U.S.C. § 9604(a)(1).

The Court therefore concludes that both steps of the discretionary function test are satisfied, which means that EPA is immune from liability for Plaintiffs' claims under the discretionary function exception to the FCTA and subject matter jurisdiction is lacking.

## IV.   Conclusion

For the reasons stated above, the Court concludes that Plaintiffs' claims are barred by the intentional torts and discretionary function exceptions to the FTCA's limited waiver of sovereign immunity. Plaintiff's claims therefore fail for lack of subject matter jurisdiction and this matter is properly dismissed pursuant to Rule 12(b)(1).

Plaintiffs have filed a motion requesting injunctive relief in the form of an order temporarily relocating them "to a safe residence pending further proceedings" and otherwise helping them to secure emergency housing. (Doc. 11). Because the Court lacks subject matter jurisdiction over this action for the reasons explained above, however, it does not have the power to issue preliminary injunctive relief. *See e.g. Ryan v. Best in Slot, LLC*, 2025 WL 2617077, at *2 (S.D. Cal. Sept. 10, 2025) (denying the plaintiff's motion for a temporary restraining order "because, when 'a court lacks subject matter jurisdiction over an action, it necessarily is powerless to grant a TRO.'") (quoting *Eftekari v. Select Portfolio Servicing, Inc.*, 2025 WL 97609, at *3 (S.D. Cal. Jan. 13, 2025)).

EPA asks the Court to dismiss Plaintiffs' claims with prejudice. (Doc. 6 at 18). A pro se plaintiff must be given the opportunity to amend unless it is "absolutely clear that deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). The Court concludes that the pleading deficiencies identified above cannot be cured by amendment. Dismissal with prejudice is therefore appropriate. Accordingly,

IT IS ORDERED that Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (Doc. 5) is GRANTED and this case is DISMISSED with prejudice. IT IS FURTHER ORDERED that Plaintiffs'

motion for an emergency housing safety order and temporary relocation (Doc. 11)

is DENIED as moot.

DATED this 7th day of August, 2026.

_____
Kathleen L. DeSoto
United States Magistrate Judge